UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**BERT D. VILLA, DIANA GARZA,**

*Plaintiffs*

v.

**CHRISTOPHER VILLA SR., INDIVIDUAL CAPACITY AND OFFICIAL CAPACITY; CHRISTOPHER VILLA JR., INDIVIDUAL CAPACITY AND OFFICIAL CAPACITY; FRANK GOMEZ SR., INDIVIDUAL CAPACITY AND OFFICIAL CAPACITY; FRANK GOMEZ JR., INDIVIDUAL CAPACITY AND OFFICIAL CAPACITY; MARY OR ANNIE, DISPATCHER OR OFFICER SAPD, INDIVIDUAL CAPACITY AND OFFICIAL CAPACITY; AND POLICE OFFICER SAPD ADAM LNU, INDIVIDUAL CAPACITY AND OFFICIAL CAPACITY;**

*Defendants*

Case No. SA-23-CV-00631-JKP

## ORDER ACCEPTING REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Before the Court is Magistrate Judge Henry J. Bemporad's Report and Recommendation in which he recommends this case be dismissed for failure to prosecute or failure to comply with Court orders, and for failure to state a non-frivolous claim. See Fed. R. Civ. P. 41(b); 28 U.S.C. § 1915(e). Magistrate Judge Bemporad also recommends this Court assess sanctions against

Plaintiff Bert D. Villa to deter future frivolous IFP applications. *ECF Nos. 10*. Upon consideration, the Court **ACCEPTS and ADOPTS** the Report and Recommendation. As recommended, the Court **DISMISSES** this action. Bert D. Villa is declared a vexatious litigant and barred from filing suit in this District without first seeking leave of Court to file.

### Factual Background

Plaintiffs Bert D. Villa and Diana Garza filed this pro se IFP action on May 10, 2023. Plaintiffs allege they were forced out of their jobs and vehicles, and then forced to be insane and subjected to stalking by force. *ECF No.* 1-2. The proposed complaint contains no specific factual allegations, nor is it clear how Defendants are allegedly responsible for the alleged harms. Much of the proposed complaint is unintelligible.

On June 28, 2023, Magistrate Judge Bemporad ordered Plaintiffs to refile separate IFP applications with full and truthful explanations of their monthly incomes and expenses, amend the proposed complaint, and show cause why this case should not be dismissed as frivolous. *ECF No. 5*. Magistrate Judge Bemporad warned Plaintiffs sanctions may result from failure to respond. *Id. at 5-8*. Return receipts indicate the Court's Order, sent by certified mail to Plaintiffs' last-known address, was unclaimed or undeliverable as addressed. *ECF Nos. 8,9*. Plaintiffs did not respond. Nevertheless, construing the many gaps in Plaintiffs' original IFP application in their favor, Magistrate Judge Bemporad concluded imposition of the full filing fee will likely cause undue financial hardship, and therefore, granted IFP status. *ECF No. 10*.

Magistrate Judge Bemporad issued a Report and Recommendation that the case be dismissed and recommends the Court impose a sanction declaring Bert Villa a vexatious litigant which requires he obtain the Court's permission before filing any future litigation. *ECF No. 10.*

Plaintiffs did not file any objection to Judge Bemporad's Report and Recommendation, and the time for doing so expired.

### Legal Standard

Any party who seeks review of all or a portion of a Magistrate Judge's Report and Recommendation must serve and file specific written objections within fourteen days after being served with a copy. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2). If a party does not timely object to all or a portion of a Magistrate Judge's Report and Recommendation, the District Court will review the unobjected-to proposed findings and recommendations to determine whether they are clearly erroneous or contrary to law. *Johnson v. Sw. Research Inst.*, 210 F. Supp.3d 863, 864 (W.D. Tex. 2016)(citing *U.S. v. Wilson*, 864 F.2d 1219, 1221 (5th Cir.)(per curiam), *cert. denied*, 492 U.S. 918 (1989).

### Discussion

Consistent with § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2), the Court reviewed the subject Report and Recommendation entered by Magistrate Judge Bemporad for clear error on the face of the record. This Court finds no such clear error. For the reasons stated by Judge Bemporad, the case is dismissed.

### Determination of Vexatious Litigant Status

Further, federal courts have inherent authority to take steps to protect the integrity of the court from vexatious litigants. Courts must exercise this inherent power "to protect the efficient and orderly administration of justice and ... to command respect for the court's orders, judgments, procedures, and authority." *In re Stone*, 986 F.2d 898, 902 (5th Cir. 1993)(per curiam) (citing *Roadway Express, Inc., v. Piper*, 447 U.S. 752, 764 (1980)). Included in this inherent power is "the power to levy sanctions in response to abusive litigation practices." *Id.*

However, "because of their very potency, inherent powers must be exercised with restraint and discretion." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991). Therefore, "the threshold for the use of inherent power sanctions is high," and the Court must find bad faith before using its inherent powers to impose sanctions. *Chaves v. M/V Medina Star*, 47 F.3d 153, 156 (5th Cir. 1995).

An appropriate exercise of a court's inherent powers is to issue pre-filing injunctions against vexatious litigants. *Baum v. Blue Moon Ventures, LLC*, 513 F.3d 181, 187 (5th Cir. 2008). This sanction of a pre-filing injunction may be appropriate when a *pro se* litigant has a history of submitting multiple frivolous claims. Fed. R. Civ. P. 11; *Mendoza v. Lynaugh*, 989 F.2d 191, 195-97 (5th Cir. 1993). *Pro se* litigants have "no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. MBank Hous., N.A.*, 808 F.2d 358, 359 (5th Cir. 1986). A court may impose a prefiling sanction on a vexatious litigant upon a finding of such abuse; however, the injunction "must be tailored to protect the courts and innocent parties, while preserving the legitimate rights of litigants." *Id.* at 360. Before issuing a pre-filing injunction, a court must weigh all the relevant circumstances, including: "(1) the party's history of litigation, in particular whether he has filed vexatious, harassing, or duplicative lawsuits; (2) whether the party had a good faith basis for pursuing the litigation, or simply intended to harass; (3) the extent of the burden on the courts and other parties resulting from the party's filings; and (4) the adequacy of alternative sanctions." *Baum*, 513 F.3d at 189; *Crear v. JPMorgan Chase Bank, N.A.*, 491 F. Supp. 3d 207, 218–19 (N.D. Tex. 2020). In punishing abusive or harassing misbehavior, a court should impose no more than the minimal sanctions necessary to correct the offending conduct, and the imposition of sanctions must not result in total, or even significant, preclusion of access

to the courts." *In re First City Bancocorporation of Tex. Inc.*, 282 F.3d 864, 867 (5th Cir. 2002); *Thomas v. Capital Sec. Servs., Inc.*, 836 F.2d 866, 882 n.23 (5th Cir. 1988) (en banc).

The Court reviewed the history of cases filed by Bert Villa in this District, including the lawsuits filed while he was incarcerated. While incarcerated, Bert Villa was placed on the Court's three-strikes list due to the number of frivolous suits filed. Including those cases, this is now Villa's tenth frivolous IFP action filed in this District under the names of Bert D. Villa, Bert D., and Bert Delgado.[1] Magistrate Judge Bemporad previously warned Villa the Court was considering sanctions based on his history of frivolous and malicious litigation in this District. *ECF No. 5 at p. 5-6*. Villa was thus ordered to show cause why sanctions, including a pre-filing injunction, should not be assessed. *Id. at p. 6*.

Based upon this litigation history in this federal court, the Court finds Bert Villa's lawsuits are duplicative, harassing, and burdensome to the Court and the parties who must defend them. While at some point Bert Villa may have had a good faith basis to pursue legal action, these multiple frivolous lawsuits all lack a good faith basis for pursuing the litigation or are simply intended to harass, and the collection of cases placed an extensive burden on this federal court. Given the warnings provided and the extensive litigation, the Court finds alternative sanctions are not available or will be ineffective, and imposition of monetary sanctions or fines would not protect the defendants.

Having considered the litigation history and weighing all relevant circumstances, the Court believes the appropriate sanction here is to declare Bert D. Villa a vexatious litigant and

---

[1] *See Villa v. Villa et al.*, 5:22-cv-00113-FB (filed Feb. 8, 2022, closed May 31, 2022); *Delgado v. Villa et al.*, 5:22-cv-00190-XR (filed Feb. 23, 2022, closed July 1, 2022); *Bert D. v. Villa et al.*, 5:22-cv-00271-JKP (filed Mar. 17, 2022, closed June 27, 2022); *Villa v. Yoa et al.*, 5:18-cv-00581-FB (filed June 11, 2018, closed July 24, 2018); *Villa v. Ramos et al.*, 5:18-cv-00725-FB (filed July 11, 2018, closed Aug. 27, 2018); *Villa v. McKinney*, 5:18-cv-00907-OLG (filed Aug. 28, 2018, closed Sept. 7, 2018); *Villa v. Wayne et al.,* 5:18-cv-01118-FB (filed Oct. 19, 2018, closed Oct. 31, 2018); *Villa v. McKinney et al*., 5:18-cv-01276- XR (filed Dec. 6, 2018, closed Dec. 19, 2018); *Villa v. FNU et al.*, 5:19-cv-00192-OLG-HJB (filed Feb. 26, 2019, closed Mar. 1, 2019).

enjoin him from filing any civil lawsuit in the Western District of Texas without first obtaining permission from a judge of the Western District of Texas. *See Baum*, 513 F.3d at 189; *see also Walters v. Tenant Background Search*, No. 1:16-CV-1092, 2019 WL 4849204, at *4–6 (W.D. Tex. Sept. 30, 2019).

## Conclusion

Accordingly, the Court **ACCEPTS** Magistrate Judge Bemporad's findings and recommendation and **ADOPTS** the Report and Recommendation. For the reasons stated by Judge Bemporad, the case is **DISMISSED**.

Under these circumstances, Bert D. Villa is declared a vexatious litigant and barred from filing suit in this District without first seeking leave of Court to file.

It is so ORDERED.
SIGNED this 11th day of September, 2023.

_____
JASON PULLIAM
UNITED STATES DISTRICT JUDGE